ENDORSED
FILED IN MY OFFICE THIS
2010
CLERK DISTRICT COURT

**IN THE SECOND JUDICIAL DISTRICT COURT**
**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**TONY NELSON,**

**Plaintiff,**

**vs.** **Civ. No.** CV ____________

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BERNALILLO, a political subdivision of the STATE OF NEW MEXICO,**

**CITY OF ALBUQUERQUE, a political subdivision of the STATE OF NEW MEXICO,**

**JOHN AND JANE DOES 1-X, an Officer of the Bernalillo County Sheriff's Department, officers of the Albuquerque Police Department, Officers of the New Mexico State Police and Public Employee of the State of New Mexico, Individually,**

**DETECTIVE DERRICK WULF OF THE ALBUQUERQUE POLICE DEPARTMENT, In his Individual Capacity as a State Actor of the City of Albuquerque,**

**SERGEANT J. SATHER of the Albuquerque Police Department, In his Individual Capacity as a State Actor of the City of Albuquerque,**

**Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS & VIOLATION OF THE NEW MEXICO TORT CLAIMS ACT

Plaintiff Tony Nelson, by and through counsel, Sharon B. Hawk of HAWK LAW, P.A. in association with Justin Gonzalez and Justin Pizzonia of Gonzalez & Pizzonia, LLC., hereby brings this complaint for violations his civil rights under the Fourth Amendment to the United States Constitution, made applicable to the states by the



Fourteenth Amendment to the United States Constitution and enforceable pursuant to 42 U.S.C. §1983, for deprivation of rights secured by the New Mexico Constitution, Article II, Section 10 and the United States Constitution pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.* and for tortious acts pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, *et seq.* In support thereof, Plaintiff states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, NMSA 1978, § 41-4-18(A).

2. Venue is proper in this district pursuant to NMSA 1978, § 38-3-1 and NMSA 1978§ 41-4-18(B).

## PARTIES

3. Plaintiff Tony Nelson [hereinafter "Plaintiff" or "Plaintiff Nelson"] was, at all times relevant to this cause of action, an adult resident of the state of New Mexico, County of Bernalillo.

4. Defendant Board of County Commissioners of the County of Bernalillo [hereinafter "Defendant County"] is a political subdivision of the State of New Mexico with the power to sue and ability to be sued pursuant to NMSA 1978, § 4-46-1. The Bernalillo County Sheriff's Department is a subsidiary agency of Defendant County.

5. Defendant County is sued under 42 U.S.C. § 1983 for damages under a theory of municipal liability for failure to adequately train and supervise the individual defendants and for its customs, policies, and/or practices. Defendant County is also being

sued under NMSA 1978, § 41-4-1 *et seq.* for damages under the theory of vicarious liability for the actions of its employees.

6. Defendant City of Albuquerque [hereinafter "Defendant City"] is a governmental (municipal) entity created pursuant to NMSA 1978, § 3-2-1 *et seq.* The Albuquerque Police Department is a subsidiary agency of the City of Albuquerque.

7. Defendant City is sued under 42 U.S.C. § 1983 for damages under a theory of municipal liability for failure to adequately train and supervise the individual defendants and for its customs, policies, and/or practices. Defendant City is also being sued under NMSA 1978, § 41-4-1 *et seq.* for damages under the theory of vicarious liability for the actions of its employees.

8. Defendant Derrick Wulf [herein after "Defendant Wulf"] is sued in his individual capacity. Defendant Wulf was at all times relevant to this case acting within the scope of his duty as a law enforcement officer for the Albuquerque Police Department.

9. Defendant J. Sather [herein after "Defendant Sather"] is sued in his individual capacity. Defendant Sather was at all times relevant to this case acting within the scope of his duty as a law enforcement officer for the Albuquerque Police Department.

10. Defendants John and Jane Does 1-X [hereinafter "Defendants John and Jane Does 1-X"], at all relevant times herein, were law enforcement officers and public employees of the Albuquerque Police Department and/or Bernalillo County Sheriffs' office, governmental agencies operated by Defendant City and Defendant County. At all

times material to this complaint, Defendants John and Jane Does 1-X were acting within the scope and course of their employment and under color of state law.

## FACTUAL BACKGROUND

11.  This is a civil action for monetary damages, arising from the fact that Defendants Wulf, Slather and John and Jane Does 1-X did batter and use excessive force against Plaintiff Nelson.

12.  On nd March 3, 2009, Plaintiff Nelson was living at the home of his friend Jeffrey Patterson at 313 Constitution NW, Albuquerque, New Mexico 87102.

13.  On March 3, 2009, Plaintiff Nelson and Jeffrey Paterson were drinking beer at Mr. Patterson's home when an argument ensued.

14.  The argument started when Plaintiff Nelson refused Jeffrey Patterson's demand that Plaintiff purchase more beer from the nearby convenience store.

15.  Angry because Plaintiff Nelson refused to purchase more beer, Jeffrey Patterson went a nearby pay phone to call the police for assistance to have Plaintiff Nelson permanently removed from Patterson's home.

16.  After making the initial 911 call, Patterson returned to his 313 Constitution residence, whereupon the argument resumed and continued.

17.  Jeffrey Patterson left the residence to make a second 911 call.

18.  While Patterson was out of the house, Plaintiff Nelson went to bed.

19.  While Plaintiff Nelson was sleeping, Police Officers from the Albuquerque Police Department responded to Patterson's call for service, whereupon they made contact with Patterson, who was sitting outside of the house.

20. Albuquerque Police Department and/or Bernalillo County SWAT teams responded to the location and set up a perimeter around the residence.

21. Upon the order of law enforcement, Plaintiff Nelson exited the residence.

22. It was at this time that SWAT maliciously and unjustly fired at least three bean bags onto Plaintiff's body with a Tactical Immobilizing Device that resembles a shotgun triking Plaintiff Nelson in the chest and trunk three (3) times.

23. Law enforcement also maliciously and unjustly released the K-9, which attacked Plaintiff, mauling his left elbow and arm.

24. Law enforcement also maliciously and unjustly inflicted pain upon Plaintiff by tasing him a number of times.

25. A paramedic unit that was called to the scene and Plaintiff Nelson was transported the hospital for emergency and inpatient care.

26. To date plaintiff is still treating for injuries sustained on March 3, 2009.

**COUNT I: EXCESSIVE AND UNNECESSARY USE OF FORCE DEPRIVATION OF RIGHTS PURSUANT TO THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE II, SECTION 10 OF THE NEW MEXICO CONSTITUTION AS ENFORCED THROUGH 42 U.S.C. 1983 AND § 41-4-1 *et seq.***

27. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

28. At all times material hereto, Plaintiff Nelson had a state and federal constitutional right to be free of excessive and unnecessary use of force in the course of arrest and custody.

29. The force that Defendants Wulf, Slather and John and Jane Does 1-X used

upon Plaintiff was unnecessary, objectively unreasonable and excessive under the circumstances and resulted in a significant injury to Plaintiff.

30. Prior to engaging in his unlawful actions, including the use of unnecessary force against a citizen who posed no threat to the officer, self or the public, Defendants Wulf, Slather and John and Jane Does 1-X had a duty to critically evaluate the facts upon which they would rely to support their actions and to determine if such actions were objectively reasonable and in good faith under the totality of the circumstances.

31. Defendants Wulf, Slather and John and Jane Does 1-X failed to exercise this duty in these regards and their actions were not objectively reasonable.

32. Defendants Wulf, Slather and John and Jane Does 1-X actions during the arrest and custody of Plaintiff, to wit, the attack from the K-9 dog, the use of Tactical Immobilization, and use of Electrical Immobilization constituted excessive and unreasonable force.

33. In addition, the actions undertaken by Defendants Wulf, Slather and John and Jane Does 1-X were willful, wanton and in reckless disregard of Plaintiff's constitutional rights.

34. Defendants Wulf, Slather and John and Jane Does 1-X actions as described herein were a direct and proximate cause of the deprivation of Plaintiff's rights under the New Mexico Constitution and the United States Constitution, as well as the resultant injuries and damages in medical bills; personal injury; and emotional distress of the garden-variety type that any person would be expected to suffer under like circumstances

**COUNT II: BATTERY**
**VIOLATION PURSUANT 41-4-12**

35. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

36. At all times material hereto, Plaintiff Nelson had a Fourth Amendment right to be free from unlawful battery against his person.

37. Defendants Wulf, Slather and John and Jane Does 1-X rudely and intentionally touched or applied force to Plaintiff Tony Nelson in a rude, insolent or angry manner in the course of effecting the arrest, to wit, to wit, the attack from the K-9 dog, the use of Tactical Immobilization, and use of Electrical Immobilization.

38. In addition, the actions undertaken by Defendants Wulf, Slather and John and Jane Does 1-X were willful, wanton and in reckless disregard of Plaintiff's rights and safety.

39. Defendants Wulf, Slather and John and Jane Does 1-X actions as described herein were a direct and proximate cause of the resultant injuries and damages in medical bills; personal injury; and emotional distress of the garden-variety type that any person would be expected to suffer under like circumstances.

40. Defendants City and/or County are liable for the unlawful actions of their respective employees, to wit, the individual defendants named herein, under the theory of respondeate superior.

**COUNT III: MUNICIPAL LIABILITY:**
**DEFENDANTS CITY AND COUNTY (CUSTOM AND POLICY)**

41. Each and every foregoing allegation is herein incorporated by reference

as if fully set forth.

42. The acts and omissions in violation of Plaintiff's rights by the Individual Defendant were perpetrated pursuant to the custom and policy of Defendants City and County.

43. Defendants City and County either maintains official policies of permitting their respective employees with regards to the use of excessive force and battery and violating the constitutional rights of citizens or, in the alternative, maintains a *de facto* policy of ignoring such actions by said employees.

44. Defendants City's and County's knowledge of the individually named defendants' illegal conduct towards Plaintiff as well as the illegal conduct perpetrated by other City and County employees can be inferred by the obviousness of the facts surrounding this incident, as well as Defendant City and County's lack of adequate policies, procedures and actual processes to ensure adequate, safe and effective interactions with members of the general public. City and County Defendants were deliberately indifferent to what occurred to Plaintiff Nelson, as well as other citizens.

45. Defendant City's and County's policies, procedures, and/or customs, either official or *de facto*, were a moving force behind the individually named defendants' illegal acts and a direct and proximate cause of the deprivation of Plaintiff's rights under New Mexico and United States Constitutions and New Mexico Tort Claims Act, as well as the injuries and damages described herein.

**COUNT IV: MUNICIPAL LIABILITY**
**DEFENDANTS CITY AND COUNTY (FAILURE TO TRAIN AND SUPERVISE)**

46. Each and every foregoing allegation is herein incorporated by reference

as if fully set forth.

47. The acts and omissions in violation of Plaintiff's rights by the individually named defendants were perpetrated pursuant to the custom and policy of Defendant City and County.

48. Defendants City and County failed to train the individual defendants and/or failed to supervise the individual defendants regarding the circumstances under which adequate, safe and effective interactions with the public occur.

49. Defendant City's and County's failure to train and/or supervise the individually named defendants regarding their illegal conduct towards Plaintiff, as well as the illegal conduct perpetrated by other City and County employees, can be inferred by the obviousness of the facts herein, as well as the numerous other lawsuits filed against both entities for similar violations.

50. Defendants City and County were deliberately indifferent to the rights of Plaintiff and other city and county citizens.

51. Defendant City's and County's failure to train and supervise the individual defendants was a moving force behind these defendant's illegal acts and was a direct and proximate cause of the deprivation of Plaintiff's rights under the United States Constitution, the New Mexico Constitution and the New Mexico Tort Claims Act, as well as the resultant injuries and damages described herein.

**COUNT V: PUNITIVE DAMAGES**

52. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

53. The acts and omissions of Defendants Wulf, Slather and John and Jane Does 1-X herein were willful, wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff.

54. The award of punitive damages as against these individually named defendants is justified and necessary in order to dissuade them and others similarly situated from behaving in the same or similar manner in the future.

55. No punitive damages are requested or sought against the City and County Defendant or any of the individually named defendants in their official capacities.

**WHEREFORE,** Plaintiff asks that the Court to accept his complaint and order appropriate preliminary hearings on all issues susceptible to such hearings. Plaintiff further asks that the Court, after all preliminary matters are resolved and full discovery has been had, order trial by jury of the case on its merits. Plaintiff asks that following trial this Court award nominal damages and compensatory damages against all Defendants and award punitive damages against Defendants Wulf, Slather and John and Jane Does 1-X in their individual capacities. Finally, Plaintiff asks that the Court award the costs of this action and reasonable attorney's fees, and such other and further relief as may be deemed just and equitable under the circumstances as described herein.

Respectfully submitted,

HAWK LAW, P.A.

By: [signature]
Sharon B. Hawk
*Attorney for Tony Nelson*
01 Ridge Court
P.O. Box 1338

Placitas, NM 87043
(505) 867-7483
(505) 213-0345 (Facsimile)

And

GONZALEZ & PIZZONIA, LLC.

By: ______________________
Justin P. Pizzonia
*Co-Counsel for Tony Nelson*
1216 Fifth Street. NW
Albuquerque, NM 87102
(505) 999-1080
(505) 217-3520 (Facsimile)