IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY NELSON,

        Plaintiff,

vs.                                                                 CIV No. 10-0553 BB/DJS

CITY OF ALBUQUERQUE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Non-Party Officer Mueller's Opposed Motion to Quash Subpoena Duces Tecum and Request For Entry of a Protective Order **[Doc. No. 46]**, filed on October 12, 2010, and fully briefed on November 12, 2010. On September 16, 2010, Plaintiff served a subpoena duces tecum for the deposition of Officer Jamie Mueller set for October 14, 2010. Officer Mueller is not a party to this action. Plaintiff directed Officer Mueller to appear for deposition and produce the following: (1) any and all documents, recordings and/or other tangible items Officer Mueller relied upon in making his report; (2) any and all notes, reports, recordings Officer Mueller made in connection with this matter; (3) a list of all cases Officer Mueller has investigated and generated a report involving use of force by an officer; and (4) Officer Mueller's personnel file, including his training /education file; and (5) Officer Mueller's internal affairs files. Def.'s Mot. Quash; Ex. A.

        Defendant City of Albuquerque does not object to the deposition, the documents Officer Mueller relied upon in making his report or the notes and recordings Officer Mueller made in connection with the incident that is the subject of this action. However, Defendant City of Albuquerque objects to Plaintiff's request for a list of all cases Officer Mueller ever investigated

and generated a report involving use of force on the grounds that the request is "irrelevant, unduly burdensome, unreasonably related in scope, and is not probative of any of the claims pled in the lawsuit." Def.'s Mot. Quash at 3.  Defendant City of Albuquerque contends this request is particularly burdensome and harassing as Officer Mueller is not a named party to this action, was not involved in using force against Plaintiff, and none of the allegations pled in Plaintiff's complaint pertain to Officer Mueller.  *Id.*  Defendant City of Albuquerque contends that Officer Mueller's only role as the field investigator was to take measurements and photographs of the scene after the incident in question had ended.  Hence, the measurements and photos of the scene where the incident occurred are unique and measurements and photos taken from other investigations have no bearing on this case because they are completely unrelated.

Defendant City of Albuquerque also objects to Plaintiff's requests regarding Officer Mueller's internal affairs files and personnel file on the grounds that these requests:  (1) disseminate highly private information; (2) threaten the safety of officers and their families; (3) harm investigative candor; and (4) harm citizen complaint candor.  *Id.* at 4.  Defendant City of Albuquerque argues that producing internal affairs files have a chilling effect on police internal investigative candor and disclosure of internal files, both factual personnel files and evaluative or deliberative internal investigative files, would compromise internal police investigations by inhibiting the candor of police officers contributing information to those files.  Thus, Defendant City of Albuquerque contends that "ordering disclosure of Officer Mueller's internal affairs file in completely unrelated matters would be oppressive in that it would compromise the City's internal evaluative process." *Id.*  Defendant City of Albuquerque also questions "the relevance of internal affairs investigations of an officer that is merely a witness and not a named party." *Id.* at 6.

For the reasons set forth below, the Court will grant Defendant City of Albuquerque's request that the Court quash the subpoena ordering the production of (1) a list of all cases Officer Mueller has investigated and generated a report involving use of force by law enforcement, (2) Officer Mueller's personnel file, and (3) Officer Mueller's internal affairs file.

## I.  Discussion

### A.  Lack of Standing

Citing to *Trujillo v. Board of Education of the Albuquerque Public Schools*, 2007 WL 2296916 (D.N.M. June 26, 2007), Plaintiff contends Defendant City of Albuquerque lacks standing to challenge the subpoena to a non-party.  Generally, "absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Id.* at *1 (quoting *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D.Ohio 2002)).  "The exception to this rule is that "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *Id.* (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir.1982)).

In this case, Defendant City of Albuquerque claims Officer Mueller's personnel file and internal investigation file are subject to the self-critical analysis and a right of privacy.  Reply at 3.  Defendant City of Albuquerque also contends it has a legitimate interest in not producing these records because the records in question are its property and are within its sole custody and control.  *Id.*  Moreover, Defendant City of Albuquerque contends that "releasing this information potentially exposes it to liability for disseminating highly private and personal information of a non-party witness, diminishes officer trust in the system, threatens the safety of officers and their families, and threatens the candor in the investigative process and with citizen complaints." *Id.*

3

Defendant City of Albuquerque's claim that the subpoena infringes upon it legitimate interests provides Defendant City of Albuquerque with standing.

**B.  Relevance of Discovery Sought**

Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers "the purpose discovery is intended to serve– advancing the quest for truth."  *Taylor v. Illinois*, 484 U.S. 400, 430, 108 S.Ct. 646 (1988).  Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  FED.R.CIV.P. 26(b)(1).

"[W]hen a party objects that discovery goes beyond that relevant to the claims or defenses, 'the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."  *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir.2009)(quoting FED.R.CIV.P. 26 advisory committee's note (2000)).  "[T]he actual scope of discovery should be determined according to the reasonable needs of the action.  The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."  *Id*.

> Moreover, under Rule 26(b)(2),
>
> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED.R.CIV.P. 26(b)(2)(C)(iii).  The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:  (A) forbidding the disclosure or discovery." FED.R.CIV.P. 26(c)(A).

Rule 45 of the Federal Rules of Civil Procedure covers subpoenas for taking depositions and permits them to require the production of designated documents which are within the scope of the examination permitted by Rule 26(b).  Rule 45(c) authorizes the court to quash or modify the subpoena if it "requires disclosure of privileged or other protected matter . . . , or subjects a person to undue burden."  FED.R.CIV.P.45(c)(3)(A)(iii) & (iv).   Accordingly, if the documents are relevant and are sought for good cause they should be enforced unless the documents are privileged or the subpoenas are unduly burdensome.

**1.  List of Prior Cases Officer Mueller Investigated**

Plaintiff contends the information sought is relevant because "the list of prior cases that Officer Mueller has investigated goes to his credibility."  Resp. at 6.  Plaintiff argues that "ascertainment of Officer Mueller's prior experience is essential" since "if this is the first case Office Mueller has ever investigated there are questions about whether he had the experience to perform this investigation in a competent manner."  *Id.*   Plaintiff contends that disclosure of Officer Mueller's past investigations "allows Plaintiff to establish whether Officer Mueller

5

typically complies with proper procedure during the course of an investigation." *Id.* at 7. Specifically, Plaintiff "seeks to ascertain the credibility of Officer Mueller's testimony by defining his experience in excessive force investigations and by discovering whether he typically follows proper procedures in his investigations." *Id.*

Defendant City of Albuquerque contends the subpoena seeks production of information not relevant to the claims, issues or defenses in this action and improperly seeks highly personal information for merely collateral matters.  Additionally, Defendant City of Albuquerque contends that "whether Officer Mueller had poor investigative techniques in the past has no bearing on whether he properly investigated the case at hand, and is irrelevant and not calculated to lead to the discovery of admissible evidence.  Additionally, Defendant City of Albuquerque argues that Plaintiff has designated a police procedure expert and thus Plaintiff will have the opportunity to evaluate whether Officer Mueller properly investigated the case.

Based on the facts of this case, the Court finds that Plaintiff failed to show how the information sought is relevant to the actual claims, defenses, or issues in this case and good cause does not exist for authorizing it.  Additionally, the subpoena is unduly burdensome.

**2.  Personnel Records and Internal Affairs File**

Plaintiff contends that Officer Mueller's personnel files and Internal Affairs file are reasonably related to the claims, issues and defenses in this action.  Plaintiff frames the issue as "whether the force used upon Plaintiff is excessive."  Resp. at 9.  However Plaintiff's excessive force claim is not against Officer Mueller who is not a party to this action.  Nonetheless, Plaintiff contends "the information sought goes to the credibility of a witness upon which Defendants intend to rely on for key propositions in their defense."  *Id.*

Defendant City of Albuquerque points out that Plaintiff deposed Officer Mueller and thus had the opportunity to inquire into Officer Mueller's training, past investigative history, past Internal Affairs investigations, and personnel history. Therefore, Defendant City of Albuquerque contends Plaintiff had the opportunity to determine whether there were any actual credibility issues or biases. Reply at 6. The Court agrees. Moreover, Plaintiff has not demonstrated that Officer Mueller's personnel file and Internal Affairs file are relevant to the actual claims, defenses, or issues in this case and good cause does not exist for authorizing their disclosure. Accordingly, the Court will grant Defendant City of Albuquerque's motion to quash subpoena duces tecum.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Non-Party Officer Mueller's Opposed Motion to Quash Subpoena Duces Tecum and Request For Entry of a Protective Order **[Doc. No. 46]** is **GRANTED**.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**