IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY NELSON,

      Plaintiff,

vs.                                                        No. CV 10-553 BB/DJS

CITY OF ALBUQUERQUE, a political subdivision
of the STATE OF NEW MEXICO, et al.,

      Defendants.

**PLAINTIFF'S MOTION IN LIMINE**
**TO ALLOW DIRECT EXAMINATION THROUGH LEADING QUESTIONS**

Plaintiff Tony Nelson, by and through his counsel of record, Hawk Law, P.A. (Sharon B. Hawk) and Gonzalez & Pizzonia, LLC (Justin Pizzonia), hereby moves the Court for an Order to allow direct examination of Defendants through leading questions. In support of this motion, Plaintiff states:

### I. BACKGROUND

In this case, Plaintiff sues the City of Albuquerque and four individually named police officer defendants. In the course of the arrest at issue, the four named officer defendants deployed five beanbag rounds from a shotgun, wooden baton rounds from a 37mm launcher, a police service dog and two separate tasers. Plaintiff intends to call Defendants and other agents for Defendant City during his case in chief.

### II. LAW & ARGUMENT

The Federal Rules of Evidence provide that interrogation of an adverse party may be done by

leading questions. *Fed. R. Evid. 611(c). See Also, United States v. Lamy*, 521 F.3d 1257, 1267 (10th Cir. N.M. 2008)(district judges have discretion to allow leading questions).

> The rule continues the traditional view that the suggestive powers of the leading question are as a general proposition undesirable. Within this tradition, however, numerous exceptions have achieved recognition: The witness who is hostile, unwilling, *or biased* . . . 3 Wigmore §§ 774-778. An almost total unwillingness to reverse for infractions has been manifested by appellate courts. See cases cited in 3 Wigmore § 770. The matter clearly falls within the area of control by the judge over the mode and order of interrogation and presentation and accordingly is phrased in words of suggestion rather than command.

*Fed. R. Evid. 611, Notes of Advisory Committee on subsection (c).* Federal Rule 611(c) provides that although leading questions generally may not be used on the direct examination of a witness, a party may do so when calling not only a hostile party, but also an adverse party. *Fed. R. Evid. 611(c).* On its face, this rule allows Plaintiff to directly examine an adverse party who is not hostile. While Plaintiff cannot predict whether any of these Defendants and/or Defendant City's agents will show themselves as hostile witnesses, they are adverse.

Plaintiff moves for a pre-trial Order allowing for leading questions on direct examination for the purpose of being able to effectively develop his case-in-chief in the most efficient manner given the anticipated numbers of witnesses that will be called and evidence that will be presented. By allowing Plaintiff latitude in conducting direct examination by leading questions, he will be able to avoid presentation of unnecessary proof for his case-in-chief that Defendants' counsel will otherwise present in their respective cases-in-chief. This will also assist in controlling the presentation of cumulative evidence. *See Fed. R. Civ. Proc. 16(c)(2)(D)* (allowing court to take up pretrial matters aimed at avoiding unnecessary proof and cumulative evidence).

Defense counsel has been contacted and is opposed to this motion.

WHEREFORE, Plaintiff moves the Court for a pre-trial order allowing direct examination by leading questions as to the Defendants or, in the alternative, for a pre-trial order allowing Plaintiff latitude to ask Defendants and agents for Defendant City leading questions during direct examination and for any other relief as the Court deems just and proper.

        Submitted and approved by:

        _____/s/_____
        Sharon B. Hawk
        Co-counsel for Plaintiff
        Hawk Law, P.A.
        P.O. Box 1338
        Placitas, NM  87043
        PH: (505) 867-7483
        FAX: (505) 213-0345

I HEREBY CERTIFY that on the 7th day of April, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

_____/s/_____
Sharon B. Hawk